# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

James C.,                                                   Case No. 18-cv-1741-KMM

        Plaintiff,

v.                                                          **ORDER**

Andrew Saul,
*Commissioner of Social Security*,

        Defendant.

_____

      The above matter came before the undersigned on June 26, 2019 upon Plaintiff's Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 22). The Court heard oral argument on the matter and then ruled on record at the hearing, denying Mr. C.'s motion and granting the Commissioner's motion. The Court carefully explained its reasoning during its ruling from the bench, and this order is intended to briefly restate that decision.

      The Court's evaluation of an ALJ's determination is performed with deference to the ALJ. *See Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004). The Court reviews the ALJ's conclusions to determine whether they are consistent with the law and whether they are supported by substantial evidence in the record as a whole. *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006); *Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). Where substantial evidence supports the Commissioner's findings, the Court should not reverse those findings merely because other evidence exists in the record to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994).

      Mr. C. argued that this case should be remanded for three reasons. First, he

argued that the ALJ erred when he rejected the opinion of Mr. C.'s treating physician, Dr. Soltis.  Second, he challenged the ALJ's rejection of his treating therapist, Mr. Toonstra's, opinion.  Finally, he argued that the ALJ erred by failing to consider Mr. C.'s "stellar work history" in his credibility assessment.

An ALJ should give a treating physician's opinion controlling weight if it is well-supported with accepted medical evidence and not inconsistent with substantial evidence in the record.  20 C.F.R. § 404.1527(c)(2).  An ALJ need not accept a treating physician's opinion if it does not meet these criteria.  *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009).

The Court found that the ALJ erred when he gave no weight to Dr. Soltis's January 22, 2015 opinion, but that the error was ultimately harmless.  The ALJ's sole cited reason for rejecting the January 2015 opinion was that it was on a form created for a different purpose.  However, the form contained relevant medical information that was totally separate from the purpose of the form.  For example, it listed diagnoses and permanent physical and mental limitations based upon those diagnoses.  The ALJ should have considered the content of the form, rather than its origin.  The Court finds that this error was harmless because the form was not entitled to much weight for other reasons.  Overall, the conclusions reached on the form are somewhat inconsistent with Dr. Soltis's other opinion, and at odds with her own treatment notes and the other evidence in the record.

Similarly, Dr. Soltis's November 16, 2016 opinion was properly given only partial weight by the ALJ because it was inconsistent with itself, with Dr. Soltis's own treatment notes, and the other evidence in the record.  For example, Dr. Soltis opined that Mr. C. could walk and stand for three hours total, whereas in the January 2015 opinion, she opined that he could only walk or stand for ten minutes.  (*Compare* R. 529 *with* R. 538.)  It is also inconsistent with the substantial evidence of the record as a whole.  Neurologist Wolscott Holt indicated that Mr. C. had "pretty good" gait and station, and that he was able to walk on his toes and his heels.  (R. 466.)  Dr. Holt also noted negative straight leg raises, and that evidence of neuropathy was limited.  (*Id.*)  Other improvements to Mr. C.'s condition were regularly noted in the record.  (*See, e.g.*, R. 615–16 (grip strength improvement), R. 743 (improvement to range of motion in shoulder).)  Mr. C.'s activities also weigh against Dr. Soltis's opinion.  Mr. C.

engages in physical activity such as mowing the lawn, shoveling snow, car repair, woodworking, fishing, and hunting. (R. 18–24.) While Mr. C. describes some reduced ability to perform those activities, the record indicates that he is still able to engage in them regularly.

The ALJ did not err when he gave no weight to the opinions of Mr. Toonstra and Mr. Stenlund. Mr. Stenlund's opinion was based largely on Mr. C.'s unsupported subjective complaints. *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007). And Mr. Toonstra is not an "acceptable medical source," which permits the ALJ to consider any consistencies within the record regarding his opinion. *Lawson v. Colvin*, 807 F.3d 962, 967 (8th Cir. 2015) Mr. Toonstra's opinion was based on Mr. C's "mental health issues and reported chronic pain and fatigue." To the extent that Mr. Toonstra considered Mr. C.'s physical conditions in his opinion, that opinion is outside of Mr. Toonstra's expertise. *See Wildman v. Astrue*, 596 F.3d 959, 966–67 (8th Cir. 2010). And Mr. Toontra's opinion failed to distinguish what of Mr. C.'s limitations resulted from his mental health issues, rather than his chronic pain and fatigue.

Finally, although Mr. C. argues that the ALJ failed to consider his work history, the ALJ did so explicitly in his decision, but found that, due to the lack of support for Mr. C.'s limitations, his work history would not bolster his arguments enough to require a different result. (R. 25.) The ALJ also discussed Mr. C.'s work history with him during the hearing. (R. 42–44.) It is clear that the ALJ considered the Mr. C.'s work history in this case.

Accordingly, for the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED
2. Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 2, 2019

                                                *s/ Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge